KM

WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Edmund Clayton David Sehring,

Plaintiff,

v.

Ryan Smith, et al.,

Defendants.

No.    CV-23-08581-PCT-JAT (JZB)

**ORDER**

Self-represented Plaintiff Edmund Clayton David Sehring, who is not confined, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In District Court Without Prepaying Fees or Costs (Doc. 2).  The Court will dismiss the Complaint with leave to amend.

**I.    Application to Proceed**

In his Application to Proceed, Plaintiff indicates he has insufficient funds to pay the filing fee for this action.  The Court, in its discretion, will grant Plaintiff's Application to Proceed.  Plaintiff will not be required to pay the filing fees for this action.

**II.    Statutory Screening of In Forma Pauperis Complaints**

Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the Court shall dismiss the case "if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

JDDL

1

2    A pleading must contain a "short and plain statement of the claim *showing* that the

3    pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does

4    not demand detailed factual allegations, "it demands more than an unadorned, the-

5    defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

6    (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

7    conclusory statements, do not suffice." *Id.*

8    "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

9    claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

10   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

11   that allows the court to draw the reasonable inference that the defendant is liable for the

12   misconduct alleged." *Id.*  "Determining whether a complaint states a plausible claim for

13   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

14   experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual

15   allegations may be consistent with a constitutional claim, a court must assess whether there

16   are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

17   But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

18   must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342

19   (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent

20   standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551

21   U.S. 89, 94 (2007) (per curiam)).

22   If the Court determines that a pleading could be cured by the allegation of other

23   facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal

24   of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

25   Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may

26   possibly be amended to state a claim, the Court will dismiss it with leave to amend.

27   . . . .

28   . . . .

**JDDL**

- 2 -

### III.     Complaint

In his one-count Complaint, Plaintiff sues Coconino County Deputy Sheriff Ryan Smith, Coconino County Sheriff Jim Driscoll, Coconino County Deputy Attorney Blaine Donovan, and Coconino County Attorney William P. Ring.   Plaintiff seeks money damages.

Plaintiff alleges he was wrongfully arrested and held in the Coconino County Jail for 33 days.  Plaintiff claims he was "moving private property" when he made a U-turn on Country Club Road in Flagstaff, Arizona.  According to Plaintiff, there was no traffic in the left or right lane when he made the turn, but "all of a sudden[,] a car sped up behind him and blew the horn and then went around [Plaintiff] on [his] left."  Plaintiff then made a right turn after which he noticed flashing lights behind him.  He pulled into the Flagstaff Mall parking lot and turned off the vehicle.  Defendant Smith approached and asked Plaintiff for his driver's license.  Plaintiff replied that he did not have a license and presented Smith with his "state national credential card."  Defendant Smith said the card was not real.  Plaintiff informed Smith the truck was not his and handed Smith the registration.

Smith took the registration back to his car and returned ten minutes later, telling Plaintiff that every person in Arizona needs to have a driver's license.  Plaintiff told him he was "not driving, [he] was moving property."  Smith said "it was the law," and Plaintiff said "it is statu[t]e and code which are not law but are color of law."

Smith asked Plaintiff to step out of the truck and Plaintiff complied "under duress." Smith put Plaintiff's hands behind his back and cuffed him.  Plaintiff informed Smith that he had a pistol, which Smith removed.  Smith handed the pistol to Curtis Perry[1] and "push[ed Plaintiff] up against the cruiser . . . in a rough manner."  Smith then opened the door of the police car and "shoved [Plaintiff] in."  Smith read Plaintiff his rights and asked Plaintiff if he understood, to which Plaintiff replied, "[N]o."

Smith then took Plaintiff to the Coconino County jail and "put [him] in a cage" and

---

[1] Plaintiff does not state whether Curtis Perry is also law enforcement officer.

told him to "get in line for court, which [Plaintiff] did." However "they" said Plaintiff "had to wear a mask." Plaintiff said that he did not have to wear a mask and "told them it was detrimental to [his] health." "They" told Plaintiff that if he did not wear the mask, he "had to go back into the cage." This occurred two more times over the next three days. "They" also asked for Plaintiff's fingerprints, but Plaintiff "kept declining."

Plaintiff claims he could not sleep because there was no mattress, and he has back and hip problems. He "finally . . . told them if they let [him] go into general population [he] would let them fingerprint [him]." Plaintiff was then placed in solitary confinement for three weeks because he refused to wear a mask. Plaintiff was eventually "heard by the judge," who said he did not understand why Plaintiff was still incarcerated and released him. Plaintiff states he "spent 33 days in a cage for four misdemeanors that were all dropped on 2/1/2023."

## IV.   Failure to State a Claim

### A.   Defendants Donovan and Ring

Plaintiff makes no allegations regarding Defendants Donovan and Ring and therefore fails to state a claim against them. However, even if Plaintiff had alleged facts regarding Defendants Donovan and Ring, prosecutors are absolutely immune from liability for damages under § 1983 for their conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process." *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). Immunity even extends to prosecutors for "eliciting false or defamatory testimony from witnesses or for making false or defamatory statements during, and related to, judicial proceedings." *Buckley*, 509 U.S. at 270; *see also Broam v. Bogan*, 320 F.3d 1023, 1029-30 (9th Cir. 2003) (prosecutor absolutely immune from liability for failure to investigate the accusations against a defendant before filing charges; for knowingly using false testimony at trial; and for deciding not to preserve or turn over exculpatory material before trial, during trial, or after conviction); *Roe v. City & County of S.F.,* 109 F.3d 578, 583-84 (9th Cir. 1997) (absolute immunity for decision to

prosecute or not to prosecute and for professional evaluation of a witness and evidence assembled by the police).

**B.    Defendant Driscoll**

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). There is no respondeat superior liability under § 1983, which means a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff has not alleged that Defendant Driscoll personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Plaintiff therefore fails to state a claim against Defendant Driscoll.

**C.    Defendant Smith**

Although unclear, Plaintiff appears to claim Defendant Smith wrongfully arrested him. To state a § 1983 claim for false arrest, Plaintiff must show that a Defendant made the arrest without probable cause or other justification. *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097 (9th Cir. 2013). "'Probable cause exists if the arresting officers 'had knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that [the arrestee] had committed or was committing a crime.'" *Id.* at 1097-98 (quoting *Maxwell v. County of San Diego*, 697 F.3d 941, 951 (9th Cir. 2012)); *see also Edgerly v. City & County of S.F.*, 599 F.3d 946, 953 (9th Cir. 2010) ("To determine whether the Officers had probable cause at the time of the arrest, we consider 'whether at that moment the facts and circumstances within [the Officers']

knowledge . . . were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.'" (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964))). "[P]robable cause supports an arrest so long as the arresting officers had probable cause to arrest the suspect *for any criminal offense*, regardless of their stated reason for the arrest." *Edgerly*, 599 F.3d at 954 (emphasis added). "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

"[A] claim for false arrest turns only on whether probable cause existed to arrest a defendant, and . . . it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006); *see also Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001) ("Claims for false arrest focus on the validity of the arrest, not on the validity of each individual charge made during the course of the arrest."). "Thus . . . '[i]f there was probable cause for any of the charges made . . . then the *arrest* was supported by probable cause, and the claim for false arrest fails.'" *Price*, 256 F.3d at 369 (quoting *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995)); *see also Barry v. Fowler*, 902 F.2d 770, 773 n.5 (9th Cir. 1990) (no unconstitutional seizure where police had probable cause to arrest plaintiff for one offense, even if police lacked probable cause to arrest for a second offense).

Plaintiff does not state the date on which he was arrested, does not state what crimes he was charged with, and does not allege facts showing Defendant Smith lacked probable cause to arrest him for those crimes. Plaintiff therefore fails to state a claim against Defendant Smith.

## V.    Leave to Amend

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. Although Plaintiff is not

confined, the Court will direct the Clerk of Court to mail Plaintiff a form for prisoners suing under § 1983 to assist Plaintiff in drafting an amended complaint.  Plaintiff is not required to use the form, but if he does so, he may simply omit the portions not relevant to him.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only **one claim per count**.

A first amended complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint, he should note that a pretrial detainee has a right under the Due Process Clause of the Fourteenth Amendment to be free from punishment prior to an adjudication of guilt.  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "Pretrial detainees are entitled to 'adequate food, clothing, shelter, sanitation, medical care, and personal safety.'" *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982)).  To state a claim of unconstitutional conditions of confinement against an individual defendant, a pretrial detainee must allege facts that show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by

not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

Whether the conditions and conduct rise to the level of a constitutional violation is an objective assessment that turns on the facts and circumstances of each particular case. *Id.*; *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005). However, "a de minimis level of imposition" is insufficient. *Bell*, 441 U.S. at 539 n.21. In addition, the "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (quoting *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). Thus, a plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

## VI. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed In District Court Without Prepaying Fees or Costs (Doc. 2) is **granted**.

(2) The Complaint (Doc. 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

1    (3)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of
2    Court must, without further notice, enter a judgment of dismissal of this action with
3    prejudice and deny any pending unrelated motions as moot.
4    (4)    The Clerk of Court must mail Plaintiff a court-approved form for filing a
5    civil rights complaint by a prisoner.
6    Dated this 22nd day of January, 2024.

James A. Teilborg
Senior United States District Judge

## Instructions for a Prisoner Filing a Civil Rights Complaint
## in the United States District Court for the District of Arizona

1.  <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3.  <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing and Administrative Fees</u>.   The total fees for this action are $402.00 ($350.00 filing fee plus $52.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6.  <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $402 filing and administrative fees or the application to proceed in forma pauperis to:**

1

Phoenix & Prescott Divisions:          **OR**          Tucson Division:
U.S. District Court Clerk                                      U.S. District Court Clerk
U.S. Courthouse, Suite 130                                U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10               405 West Congress Street
Phoenix, Arizona  85003-2119                         Tucson, Arizona  85701-5010

7.  <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  *See* Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
     A certificate of service should be in the following form:

     I hereby certify that a copy of the foregoing document was mailed
     this _____ (month, day, year) to:
     Name:   _____
     Address:_____
                    Attorney for Defendant(s)

     _____
     (Signature)

9.  <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.  *See* Fed. R. Civ. P. 15(a).  Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1.   <u>Counts</u>.   You must identify which civil right was violated.   **You may allege the violation of only one civil right per count**.

2.   <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.   **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.   <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.   <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5.   <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**


# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)


Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. _____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint


## A.   JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
      ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
      ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
      ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

Revised 12/1/20                         1                         **550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.   The first Defendant is employed as: _____ at_____.
<br>                                     (Position and Title)                                                    (Institution)

2.   Name of second Defendant: _____.   The second Defendant is employed as: as: _____ at_____.
<br>                                     (Position and Title)                                                    (Institution)

3.   Name of third Defendant: _____.   The third Defendant is employed as: _____ at_____.
<br>                                     (Position and Title)                                                    (Institution)

4.   Name of fourth Defendant: _____.   The fourth Defendant is employed as: _____ at_____.
<br>                                     (Position and Title)                                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?         ☐ Yes         ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

   a.   First prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number:   _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

   b.   Second prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number:   _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

   c.   Third prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number:   _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

695620204ff6846e

## D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____

_____.

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   ☐ Basic necessities       ☐ Mail       ☐ Access to the court     ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion    ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                              ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count I?      ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?   ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

3

**COUNT II**

1.  State the constitutional or other federal civil right that was violated: _____
    _____.

2.  **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
    ☐ Basic necessities        ☐ Mail        ☐ Access to the court       ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property     ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.  **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

    _____
    _____
    _____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                          ☐ Yes     ☐ No
    b.  Did you submit a request for administrative relief on Count II?      ☐ Yes     ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?    ☐ Yes     ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
        _____.

4

## COUNT III

1.  State the constitutional or other federal civil right that was violated: _____
_____ .

2.  **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
    ☐ Basic necessities         ☐ Mail         ☐ Access to the court         ☐ Medical care
    ☐ Disciplinary proceedings     ☐ Property      ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____ .

3.  **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.  **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count III?      ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?      ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
    _____ .

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

### E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____                    _____
                                  DATE                                              SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)


### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.