KM

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edmund Clayton David Sehring,<br><br>Plaintiff,<br><br>v.<br><br>Ryan Smith, et al.,<br><br>Defendants. | No.   CV-23-08581-PCT-JAT (JZB)<br><br>**ORDER** |

Self-represented Plaintiff Edmund Clayton David Sehring, who is not confined and is proceeding in forma pauperis, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed with leave to amend. Plaintiff has filed a First Amended Complaint (Doc. 8). The Court will dismiss the First Amended Complaint and this action.

**I.     Statutory Screening of In Forma Pauperis Complaints**

Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the Court shall dismiss the case "if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

1    (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe [self-represented] filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by self-represented litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## II.     First Amended Complaint

In his one-count First Amended Complaint, Plaintiff sues Coconino County Deputy Sheriff Ryan Smith, Coconino County Sheriff Jim Driscoll, Coconino County Deputy Attorney Blaine Donovan, and Coconino County Attorney William P. Ring. Plaintiff seeks money damages.

Plaintiff alleges that on December 23, 2022, Defendant Smith "caused [him] loss and harm by not recognizing the credential card [Plaintiff] presented to him showing that [he] was !!, where [Smith] has no jurisdiction[,] and using [defamatory] language in his report." He claims Defendant Driscoll failed to "properly train those that are under his command [and this] resulted in the loss and harm to[ Plaintiff]." He further claims Defendant Donovan's "incompetence [as Deputy County Attorney] resulted in loss and harm to [Plaintiff]." Finally, he alleges Defendant Ring's "failure to properly supervise

Blaine Donovan's actions resulted in loss and harm to [Plaintiff]." Plaintiff claims he lost 33 days of freedom and suffered emotional stress.

Because Plaintiff's First Amended Complaint is incoherent without reference to the original Complaint, the Court has included a summary of the allegations in Plaintiff's original Complaint.  In his original Complaint, Plaintiff claimed he was "moving private property" when he made a U-turn on Country Club Road in Flagstaff, Arizona.  According to Plaintiff, there was no traffic in the left or right lanes when he made the turn, but "all of a sudden[,] a car sped up behind him and blew the horn and then went around [Plaintiff] on [his] left."  Plaintiff then made a right turn, after which he noticed flashing lights behind him.  He pulled into the Flagstaff Mall parking lot and turned off the vehicle.  Defendant Smith approached and asked Plaintiff for his driver's license.  Plaintiff replied that he did not have a license and presented Smith with his "state national credential card."  Defendant Smith said the card was not real.  Plaintiff informed Smith the truck was not his and handed Smith the registration.

Smith took the registration back to his car and returned ten minutes later, telling Plaintiff that every person in Arizona needs to have a driver's license.  Plaintiff told him he was "not driving, [he] was moving property."  Smith said, "it was the law," and Plaintiff said, "it is statu[t]e and code which are not law but are color of law."

Smith asked Plaintiff to step out of the truck and Plaintiff complied "under duress."  Smith put Plaintiff's hands behind his back and cuffed him.  Plaintiff informed Smith that he had a pistol, which Smith removed.  Smith handed the pistol to "Curtis Perry"[1] and "push[ed Plaintiff] up against the cruiser . . . in a rough manner."  Smith then opened the door of the police car and "shoved [Plaintiff] in."  Smith read Plaintiff his rights and asked Plaintiff if he understood, to which Plaintiff replied, "[N]o."

Smith then took Plaintiff to the Coconino County Jail and "put [him] in a cage" and told him to "get in line for court, which [Plaintiff] did."  However, "they" said Plaintiff "had to wear a mask."  Plaintiff said that he did not have to wear a mask and "told them it

---

[1] Plaintiff does not state whether Curtis Perry is also law enforcement officer.

was detrimental to [his] health." "They" told Plaintiff that if he did not wear the mask, he "had to go back into the cage." This occurred two more times over the next three days. "They" also asked for Plaintiff's fingerprints, but Plaintiff "kept declining."

Plaintiff claims he could not sleep because there was no mattress, and he has back and hip problems. He "finally . . . told them if they let [him] go into general population[, he] would let them fingerprint [him]." Plaintiff was then placed in solitary confinement for three weeks because he refused to wear a mask. Plaintiff was eventually "heard by the judge," who said he did not understand why Plaintiff was still incarcerated and released him. Plaintiff states he "spent 33 days in a cage for four misdemeanors that were all dropped on 2/1/2023."

### III. Failure to State a Claim

#### A. Defendants Donovan and Ring

There is no respondeat superior liability under § 1983, which means a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Accordingly, Defendant Ring is not liable simply as Defendant Donovan's supervisor.

Moreover, as the Court explained in its previous Order, prosecutors are absolutely immune from liability for damages under § 1983 for their conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process." *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). Immunity even extends to prosecutors for "eliciting false or defamatory testimony from witnesses or for making false or defamatory statements during, and related to, judicial proceedings." *Buckley*, 509 U.S. at 270; *see also Broam v. Bogan*, 320 F.3d 1023, 1029-30 (9th Cir. 2003) (prosecutor absolutely immune from liability for failure to investigate the accusations against a defendant before filing charges; for knowingly using false

testimony at trial; and for deciding not to preserve or turn over exculpatory material before trial, during trial, or after conviction); *Roe v. City & County of S.F.,* 109 F.3d 578, 583-84 (9th Cir. 1997) (absolute immunity for decision to prosecute or not to prosecute and for professional evaluation of a witness and evidence assembled by the police). Accordingly, Plaintiff has failed to state a claim against Defendants Donovan and Ring.

### B.   Defendant Driscoll

To state a claim based on a failure to train, a plaintiff must allege facts to support that the alleged failure amounted to deliberate indifference. *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998). A plaintiff must allege facts to support that not only was particular training or supervision inadequate, but also that such inadequacy was the result of "a 'deliberate' or 'conscious' choice" on the part of the defendant. *Id.* at 1213-14; *see Clement v. Gomez,* 298 F.3d 898, 905 (9th Cir. 2002) (a plaintiff must allege facts to support that "in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy[]makers . . . can reasonably be said to have been deliberately indifferent to the need." (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989))). A plaintiff must also show a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations omitted).

Plaintiff's only allegation against Defendant Driscoll is that he failed to train "those under his command." Plaintiff does not describe any particular training that was inadequate, nor does he allege any such inadequacy was the result of a deliberate or conscious choice by Defendant Driscoll. Plaintiff has therefore failed to state a claim against Defendant Driscoll.

### C.   Defendant Smith

Plaintiff claims Defendant Smith wrongfully arrested him. To state a § 1983 claim for false arrest, Plaintiff must show that a Defendant made the arrest without probable cause or other justification. *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097 (9th Cir. 2013).

"'Probable cause exists if the arresting officers 'had knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that [the arrestee] had committed or was committing a crime.'" *Id.* at 1097-98 (quoting *Maxwell v. County of San Diego*, 697 F.3d 941, 951 (9th Cir. 2012)); *see also Edgerly v. City & County of S.F.*, 599 F.3d 946, 953 (9th Cir. 2010) ("To determine whether the Officers had probable cause at the time of the arrest, we consider 'whether at that moment the facts and circumstances within [the Officers'] knowledge . . . were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.'" (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964))). "[P]robable cause supports an arrest so long as the arresting officers had probable cause to arrest the suspect *for any criminal offense*, regardless of their stated reason for the arrest." *Edgerly*, 599 F.3d at 954 (emphasis added). "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

"[A] claim for false arrest turns only on whether probable cause existed to arrest a defendant, and . . . it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006); *see also Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001) ("Claims for false arrest focus on the validity of the arrest, not on the validity of each individual charge made during the course of the arrest."). "Thus . . . '[i]f there was probable cause for any of the charges made . . . then the *arrest* was supported by probable cause, and the claim for false arrest fails.'" *Price*, 256 F.3d at 369 (quoting *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995)); *see also Barry v. Fowler*, 902 F.2d 770, 773 n.5 (9th Cir. 1990) (no unconstitutional seizure where police had probable cause to arrest plaintiff for one offense, even if police lacked probable cause to arrest for a second offense).

. . . .

1  Plaintiff does not state what crimes he was charged with and does not allege any facts showing Defendant Smith lacked probable cause to arrest him for those crimes. Plaintiff therefore fails to state a claim against Defendant Smith.

To the extent Plaintiff claims Defendant Smith used defamatory language in his police report, Plaintiff also fails to state a § 1983 claim. Injury to reputation alone does not result in a deprivation of a liberty or a property interest protected by the Fourteenth Amendment. *Paul v. Davis*, 424 U.S. 693, 703 (1976); *Johnson v. Barker*, 799 F.2d 1396, 1399 (9th Cir. 1986). An action for damage to reputation "lies . . . in the tort of defamation, not in § 1983." *Fleming v. Dept. of Public Safety*, 837 F.2d 401, 409 (9th Cir. 1988). Accordingly, Plaintiff has failed to state a claim against Defendant Smith.

**IV.  Dismissal without Leave to Amend**

Because Plaintiff has failed to state a claim against any named Defendant, the Court will dismiss the First Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's First Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)  The First Amended Complaint (Doc. 8) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2), and the Clerk of Court must enter judgment accordingly.

. . . .

. . . .

. . . .

1  (2) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3)
2 and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal
3 of this decision would be taken in good faith and finds Plaintiff may appeal in forma
4 pauperis.

5  Dated this 10th day of April, 2024.

*James A. Teilborg*
Senior United States District Judge